IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSE D. WILLIAMS,

                      Plaintiff,

    v.

DEB MCCULLOCH, New Director;
STEVE WATTERS, Ex Director;
PATRICIA (PATTI) JONES, Sergeant;
Officer MELANIE TENGBLAD;
WILLIAM (BILL) PARKER, Captain Property;
Officer FRITZ KLEIN; Officer STEVE SHAW
and Officer KEN KENS,

                      Defendants.

ORDER

10-cv-96-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, filed a complaint in the Eastern District of Wisconsin. The court in that district transferred the case to this court on February 26, 2010, on its own motion, before deciding whether plaintiff could proceed in forma pauperis.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident

1

account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive the entirety of a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.) Plaintiff has not provided a resident account statement in support of his request for leave to proceed in forma pauperis. He will have to do so if he intends to pursue his request.

Plaintiff's complaint was submitted on January 20, 2010. His resident account statement should cover the six-month period beginning approximately July 20, 2009 and ending approximately January 18, 2010. If plaintiff fails to provide his statement, I will assume that he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that a decision whether plaintiff may proceed in forma pauperis is STAYED until March 19, 2010, by which date plaintiff must submit a resident account statement for the period beginning July 20, 2009 and ending January 18, 2010. If, by

2

March 19, 2010, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 26th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge